1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

**ARKETHA MUNIR,**

Plaintiff,

Case No.  14-cv-05073-YGR

8

9

v.

10

**THE BANK OF NEW YORK MELLON AS TRUSTEE,**

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: Dkt. No. 17

11

Defendant.

12

On March 11, 2015, defendant Bank of New York Mellon as Trustee filed a motion to

13

dismiss based on res judicata, arguing the claims asserted in this action are barred by a prior state

14

court judgment in a case involving the same parties.  (Dkt. No. 17 ("Mot.").)[1]  Plaintiff Arketha

15

Munir opposed the motion.  (Dkt. No. 22 ("Oppo.").)[2]

16

Having carefully considered the papers submitted,[3] the record in this case, and good cause

17

shown, the Court hereby **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**.

18

19

20

[1] The Court notes that two former defendants initially joined in the motion, but the plaintiff subsequently filed a notice of voluntary dismissal as to those entities.  (Dkt. No. 35.)  Having failed to address, in opposing their motion to dismiss, why the complaint should not be dismissed against those two entities, the plaintiff nevertheless did not move to dismiss them from the case until the Court ordered supplemental briefing on the question.  (Dkt. No. 30.)  Similarly, three other former defendants filed a separate motion to dismiss that was rendered moot by the plaintiff thereafter filing a notice of voluntary dismissal.  (Dkt. No. 34.)

21

22

23

24

[2] Finding the motion suitable for decision without oral argument, the Court vacated the hearing pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  (Dkt. No. 37.)

25

26

[3] In connection with its motion, the defendant filed a request for judicial notice of certain publicly recorded documents connected to the subject property and documents from the record in the related state case.  (Dkt. No. 18 ("RJN").)  The Court **GRANTS** the unopposed request pursuant to Federal Rule of Evidence 201.  "[A] court may take judicial notice of 'matters of public record.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

27

28

United States District Court
Northern District of California

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The State Court Action

On September 5, 2014, the plaintiff filed a complaint in the California Superior Court, County of San Francisco, asserting causes of action for: (1) violations of California Civil Code section 2934a; (2) violation of Civil Code section 2924(a)(6); (3) wrongful foreclosure; and (4) breach of the covenant of good faith and fair dealing.  (RJN, Ex. 17 ("State Court Complaint").)[4] Generally, the complaint centered on allegations of wrongful conduct in connection with events leading up to a mortgage foreclosure, including purportedly inadequate notice of a substitution of trustee in 2008.

Relevant to the instant motion, the State Court Complaint included the following allegations:

- ". . . Plaintiff is informed and believes, and thereon alleges that Defendant THE BANK OF NEW YORK MELON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2003-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-58 purportedly received all beneficial interest under the original Deed of Trust through an [*sic*] 'Corporation Assignment of Deed of Trust/Mortgage' which was signed by Defendant BANK OF AMERICA N.A. on November 20, 2013 [and] recorded November 27, 2013 as instrument number 20139J79879500001 in the Official Records of San Francisco County California."  (State Court Complaint ¶ 11.)

- "Plaintiff is informed and believes that when the Defendants securitized their note into the Trust, they [*sic*] did not receive any notice, in direct violation of the Truth in Lending Act."  (*Id.* ¶ 23.)

- "Defendants breached [the covenant of good faith and fair dealing] by breaching

---

[4] The state case was brought against the single defendant remaining in this case (Bank of New York Mellon as Trustee), as well as other defendants who were originally named in the instant action but have since been voluntarily dismissed.

2

*United States District Court*
*Northern District of California*

TILA (see cause of action number one above) and not informing the Plaintiff that the Loan was sold, thus depriving Plaintiff of the opportunity to negotiate with their [*sic*] creditor." (*Id*. ¶ 122.)

- "The gravamen of Plaintiffs' [*sic*] complaint is that Defendants are attempting to foreclose without any legal authority or standing to do so, and in violation of State and Federal laws which were specifically enacted to protect consumers such as Plaintiffs [*sic*] from the type of abusive, deceptive, and unfair conduct in which Defendants engaged, which are detailed herein, by failing to follow the procedures prescribed by such laws to foreclose." (*Id*. ¶ 118.)

On January 29, 2015 judgment was entered in the state action in favor of the defendants. (RJN, Ex. 19.)

**B.    The Instant Case**

On November 17, 2014, the plaintiff initiated this action in federal court. (Dkt. No. 1.) The First Amended Complaint, filed on February 26, 2015, asserts causes of action for violation of: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), and (2) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"). (Dkt. No. 14 ("FAC").) The relevant allegations as to the remaining defendant in this case, The Bank of New York Mellon as Trustee, are as follows:

- "Plaintiff is informed and believes, and thereon alleges that Defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2003-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-58 purportedly received all beneficial interest under the original Deed of Trust through an [*sic*] 'Corporation Assignment of Deed of Trust/Mortgage' which was executed by Defendant BANK OF AMERICA N.A on November 20, 2013 [and] recorded November 27, 2013 as instrument number 20139J79879500001 in the Official Records of San Francisco County California." (FAC ¶ 6.)

<div style="text-align: left; writing-mode: vertical-rl;">United States District Court<br>Northern District of California</div>

- "[The defendant] had the responsibility of notifying the borrower of the acquisition on or before December 20, 2013, within 30 days after transfer."  (*Id.* ¶ 17.)
- "Plaintiff never received any notices from [the defendant], let alone notices which complied with the specific (a) through (g) requirements of [TILA] 15 U.S.C. 1641(g)."  (*Id.* ¶ 19.)
- "In the instant matter, Plaintiff did not discover the violation of 15 U.S.C § 1641(g) until she obtained legal counsel who discovered that the Loan had been assigned, shortly prior to filing the Original Complaint on or about November 17, 2014." (*Id.* ¶ 20.)
- The defendant "violated 15 U.S.C. §1641(g) and is subject to statutory damages, civil liability, penalties, attorneys' fees and actual damages pursuant to 15 U.S.C. §1640."  (*Id.* ¶ 23.)
- "Actual damages [for the TILA violation] include but are not limited to the over calculation and overpayment of interest on the Loan, the cost of repairing Plaintiff's credit, costs associated with removing the cloud on property title, loss of equity, and attorneys' fees and costs, and any amount to be proven at trial."  (*Id.* ¶ 24.)
- The defendants violated the UCL by engaging "in deceptive business practices by attempting to collect on a debt without awaring Plaintiff of the true creditor such that she could enact all remedies against the proper entity" and for failing to give notice pursuant to the TILA.  (*Id.* ¶¶ 27-29.)

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

4

United States District Court
Northern District of California

1  will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

2  (internal brackets and quotation marks omitted)).  The Court will not assume facts not alleged, nor

3  will it draw unwarranted inferences.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining

4  whether a complaint states a plausible claim for relief [is] a context-specific task that requires the

5  reviewing court to draw on its judicial experience and common sense.").

6          Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon

7  which relief may be granted.  Dismissal for failure to state a claim under Federal Rule of Civil

8  Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of

9  sufficient facts alleged under a cognizable legal theory."  *Conservation Force v. Salazar*, 646 F.3d

10  1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

11  1988)).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its

12  face."  *Twombly*, 550 U.S. at 570.  A claim is plausible on its face "when the plaintiff pleads

13  factual content that allows the court to draw the reasonable inference that the defendant is liable

14  for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  If the facts alleged do not support a

15  reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.  *Id.*

16  at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is

17  not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

18  fact, or unreasonable inferences").  The Court also "need not . . . accept as true allegations that

19  contradict matters properly subject to judicial notice or by exhibit" attached to the complaint.

20  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

21  **III.    DISCUSSION**

22          **A.    Legal Framework**

23          Res judicata, or claim preclusion, operates to bar subsequent litigation "whenever there is

24  (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between

25  parties."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal

26  quotations omitted).  "California, as most states, recognizes that the doctrine of res judicata will

27  bar not only those claims actually litigated in a prior proceeding, but also claims that *could have

28  been litigated*."  *Castle v. Mortgage Elec. Registration Sys., Inc.*, CV 11-00538, 2011 WL

3626560 (C.D. Cal. Aug. 16, 2011) (citing *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993)) (emphasis supplied); *see also Pey v. Wachovia Mortg. Corp.*, CV 11-2922, 2011 WL 5573894, * 8 (N.D. Cal. Nov. 15, 2011) (res judicata bars "any subsequent suit on claims that . . . could have been raised in a prior action.") (citing *Cell Therapueutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).  If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter res judicata precludes re-litigating those claims.  *Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993).  Pursuing new legal theories does not create a new cause of action sufficient to avoid res judicata.  *Boateng v. Interamerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000).  Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  Because "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding[, it] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."  *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

### B.   Analysis

The Court addresses the three prongs—(1) identity of claims, (2) final judgment on the merits, and (3) identity of the parties—in turn to determine whether res judicata precludes the instant action.

#### 1.   Identity of Claims

First, the plaintiff argues that the adjudicated state claims are not "identical" to the claims at issue here, and therefore that the first prong necessary for application of res judicata does not apply.  However, as noted above, the claims themselves need not be "identical," so long as they arise out of the same transactional nucleus of fact and are claims that could have been raised in the prior action.  *See also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.");

United States District Court
Northern District of California

*Rodriguez v. Bank of New York Mellon*, No. 13CV1830, 2014 WL 229274, at \*6 (S.D. Cal. Jan. 17, 2014) (applying res judicata under the "primary rights" theory where both suits alleged wrongful conduct in connection with a foreclosure, including "defects in the loan documents and securitization process").

### a.   Count One: TILA

As to the TILA claim, the plaintiff correctly notes that the present suit is focused on "the fact that Plaintiff's Loan was sold/transferred on November 20, 2013" to the defendant and that the defendant failed to provide the statutorily required written notice within 30 days.  (Oppo. at 2-3.)

Allegations regarding the November 20 transfer and failure of notice in violation of TILA were also included in the state complaint.  (*See, e.g.*, State Court Complaint at ¶¶ 11, 23.) Additionally, while the state complaint's first count for a failure of notice (under state law, but also referred to in the state complaint as a violation of TILA) specifically references a different defendant's conduct, it also incorporates by reference its allegations regarding the sole remaining defendant in the instant action.  The state complaint also generally alleged wrongful foreclosure based on a number of procedural issues, including in connection with the transfer of the loan to the defendant.  (*See, e.g.*, State Court Complaint at ¶¶ 118.)

Moreover, the FAC alleges the damages at issue in connection with the TILA violation go beyond the statutory damages available under that statute to also include "the over calculation and overpayment of interest on the Loan, the cost of repairing Plaintiff's credit, costs associated with removing the cloud on property title, [and] loss of equity . . . ."  (FAC ¶ 24.)  This theory of damages ties directly to the ramifications of the purported actions of the defendants as alleged in the state action.

"Even though different legal claims were raised in the state court case, [the plaintiff] seeks a remedy for the same injury in both cases—in essence, a wrongful foreclosure."  *See Prado v. Quality Loan Serv. Corp.*, No. C-13-4536, 2014 WL 46634, at \*1 (N.D. Cal. Jan. 6, 2014) ("[A] judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, *even though he presents a different legal ground for relief*.").  The Court finds

United States District Court
Northern District of California

that the allegations that support the TILA claim were generally present in the state complaint; the TILA claim arises out of the "same transactional nucleus of fact" as the state court action; and the TILA claim "could have been raised in [the] prior action."

### b.  Count Two: UCL

As to the UCL claim, it is premised upon the purported TILA violation and unspecific allegations of "deceptive business practices" (FAC ¶ 26) similar to the allegations of "abusive, deceptive, and unfair conduct" alleged in the state court complaint (State Court Complaint ¶ 118). Thus, the UCL claim also arises from the same nucleus of facts and could have been raised in the prior action.

In opposing the motion, the plaintiff does not explain why both of these claims could not have been brought in the earlier case.[5]  Instead, the plaintiff mistakenly suggests the standard for identity of claims requires that the claims previously decided be "identical" to those in the pending case.  As noted above, this is not so.  As pled, the operative complaint in this case seeks largely the same relief sought in the prior action.  Consequently, this case is barred by the judgment in that case if the remaining prongs necessary for the application of res judicata are satisfied.

### 2.  Final Judgment on the Merits and Identity of the Parties

The plaintiff apparently does not contest the second (final judgment on the merits) and third (identity of the parties) prongs.  The Court finds that a final judgment issued in the state case. (RJN, Ex. 19.)  Finally, the state case involved the same plaintiff and the same defendant (among others).  Thus, res judicata applies to bar the present suit.[6]

### C.  Leave to Amend

Leave to amend is liberally granted.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v.*

---

[5] The FAC states that plaintiff "did not discover the violation of 15 U.S.C § 1641(g) until she obtained legal counsel who discovered" the assignment.  (FAC ¶ 20.)  This does not create an exception to the application of res judicata.  *See Janson v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-05639, 2015 WL 1250092, at *9 (N.D. Cal. Mar. 18, 2015) ("[T]he test is not whether Plaintiff actually knew of the claims while the state case was pending; it is whether he could have known of the claims.").

[6] In light of this finding, the Court need not reach the defendant's alternative arguments for dismissal of Count II (UCL Violation).

8

*West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  One exception to this general rule of permissiveness, however, is where amendment would be futile.  *Foman*, 371 U.S. at 182; *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004).  The plaintiff has failed to identify other facts or theories that would avoid application of res judicata and justify granting leave to amend.  It would be futile to grant leave to amend under these circumstances.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the defendant's motion to dismiss **WITHOUT LEAVE TO AMEND**.  The defendant shall submit a proposed form of judgment, approved as to form by the plaintiff, within five (5) business days of the date of this Order.

This Order terminates Docket Number 17.

**IT IS SO ORDERED.**

Dated: May 22, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

*United States District Court*
*Northern District of California*